# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ex rel. ) <br> Attorney General Joshua D. Hawley., ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> BRANSON DUCK VEHICLES, LLC, et al., ) <br> ) <br> **Defendants.** ) | Case No. 6:18-cv-03293-MDH |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 7) and Plaintiff's[1] Motion to Remand. (Doc. 18). On November 1, 2018, the Court held a hearing on the pending motions and heard argument from counsel regarding the issues presented by both motions. After careful review of the record before the Court, and after hearing oral argument, the Court hereby grants the Motion to Remand.

## BACKGROUND

On August 31, 2018, the State of Missouri filed a Petition in the Circuit Court of Taney County, Missouri, asserting six counts against Defendants under the Missouri Merchandising Practices Act ("MMPA"). The State's lawsuit arises out of the July 19, 2018, tragic sinking of a duck boat that led to the deaths of seventeen people on Table Rock Lake. The State alleges Defendants engaged in fraudulent, deceptive, and unfair trade practices under Missouri law, including but not limited to: (1) providing misleading and deceptive advertising that fraudulently concealed the risks of death and injury from participating in duck boat rides; (2) providing

---

[1] The Court notes since the filing of this lawsuit Eric Schmitt has been sworn in as the 43rd Attorney General of the State of Missouri.

misleading and deceptive advertising that targeted those most vulnerable to injury and death from duck boats, including children, the disabled, and the elderly; (3) concealing and failing to address the enhanced risks to consumers, especially to such vulnerable populations; (4) making false and deceptive statements that mischaracterized the construction history and safety of their duck boats; (5) fraudulently concealing from consumers that they were not authorized to operate duck boats in hazardous conditions; (6) adopting a ticket-refund policy that created an incentive to operate their duck boats in hazardous conditions; (7) violating their representations of safety by deliberately operating the duck boats in deadly conditions for the purpose of commercial gain; (8) failing to advise consumers of basic safety measures and fraudulently advising passengers that life jackets and other safety equipment were not required; and (9) violating numerous other provisions of law in the operation of Stretch Duck 7, including the negligent operation of vehicles, endangering the welfare of children, assault, and involuntary manslaughter.

On September 10, 2018, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1). Defendants contend the Petition sets forth claims that arise under the Constitution, laws, or treaties of the United States, "specifically 46 U.S.C., Chapter 33, and 46 C.F.R., Chapter II, Subchapter T, which completely and expressly preempt state law." (Doc. 1). Defendants argue that additionally and alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because adjudication of the State Action turns on a substantial question of federal law. (Doc. 1). The Notice of Removal claims that the vessels at issue fall under the Coast Guard's exclusive authority to prescribe necessary regulations and that the State's Petition alleges violations of those rules. Defendants further claim the National Transportation Safety Board and the Coast Guard have initiated comprehensive investigations into the accident, and that the issues

alleged in the State's Petition will be fully examined by the ongoing federal investigations bringing the claims into the exclusive jurisdiction of this Court.

The State moves to remand the case for lack of subject matter jurisdiction because the Petition asserts state law consumer protection claims and therefore federal subject matter jurisdiction does not exist. For the reasons set forth herein, this Court agrees.

**DISCUSSION**

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton,* 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal citation and quotations omitted). If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). A defendant seeking removal "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 446 (8th Cir. 2010). The procedure for removal is contained in 28 U.S.C. § 1446.

"Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (internal citation omitted). The State's Petition asserts state law consumer protection claims under the MMPA, a state law that is generally not removable under federal question jurisdiction. See *Johnson v. MFA Petroleum Co.,* 701 F.3d 243, 247 (8th Cir. 2012)

(internal citations omitted). "[T]he case may not be removed under federal question jurisdiction even if federal law were to provide a defense, and 'even if both parties concede that the federal defense is the only question truly at issue.'" *Id.* This rule includes the defense of preemption. *Id.* ("[E]ven an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction.").

Further, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. at 258 (internal citation omitted).

Here, Defendants claim this Court has original jurisdiction because the State's claims present a substantial federal question. While the Petition only contains claims brought under the MMPA, Defendants argue the State is attempting to "usurp" the Coast Guard's maritime safety, regulatory, and inspection role and impose its own maritime standards. Defendants argue the vessels are subject to exclusive Coast Guard regulation which falls under federal law and therefore jurisdiction is proper in federal Court.

The State alleges Defendants' failure to properly operate the duck boats in accordance with certain standards, including standards that may be included in both state and federal law, constitutes a violation of the MMPA.[2] At least some of these standards have foundation in federal

---

[2] The State's Petition alleges, in part, Defendants engaged in conduct that violated "state and federal statutes, common law, and regulations promulgated by the U.S. Coast Guard, the National Transportation Safety Board, the U.S. Dept. of Transportation, and agencies of the State of Missouri…." (Doc. 1-1 ¶107). "The specific statutes, regulations, and common law violated by Defendants, include, but are not limited to,"… § 577.025 RSMo (negligent operation of a vessel); § 565.024 RSMo (involuntary manslaughter, first degree); § 565.027 RSMo (involuntary manslaughter, second degree); § 569.050 RSMo (endangering the welfare of a child); § 565.056 RSMo (fourth degree assault); § 306.22 RSMo (personal flotation device, who must wear, when, exception); 46 CFR § 185.508 (wearing of life jackets); 46 CFR § 506 (passenger safety orientation). *Id.*

law under regulations promulgated by the Coast Guard. The State's MMPA claims are additionally based on Defendants' advertising regarding the safety of the duck boats that allegedly targeted certain "vulnerable" customers. These claims are based on Defendants' alleged knowledge that its fleet of duck boats did not adhere to safety rules and regulations applicable to their vessels, and that despite their alleged knowledge of the inherent dangers and safety concerns, continued to promote the duck boat excursions as safe for all customers.

"Complete preemption only applies where a federal statute 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal.'" *Johnson v. MFA Petroleum Co.,* 701 F.3d at 247. (internal citation omitted) ("A conclusion that there is complete preemption effectively maintains that "the plaintiff has simply brought a mislabeled federal claim, which may be asserted under some federal statute.").

> For a statute to provide federal question jurisdiction under this exception, it must have extraordinary pre-emptive power, a conclusion courts are reluctant to reach. Such caution is warranted for two reasons. First, a finding of complete preemption significantly shifts the nature of the law that would be applied to the claim. Second, overly aggressive application of the complete preemption doctrine would swallow up the well pleaded complaint rule in its entirety. *Id.* (internal citations and quotations omitted).

> The ultimate touchstone guiding preemption analysis is congressional intent. A state-law claim is completely preempted when Congress intended that the federal statute provide the exclusive cause of action for the asserted claim. Since [t]he lack of a substitute federal [cause of] action would make it doubtful that Congress intended the federal statute to provide the exclusive cause of action, without a federal cause of action which in effect replaces a state law claim, there is an exceptionally strong presumption against complete preemption. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.,* 785 F.3d 1182, 1189 (8th Cir. 2015) ("Complete preemption is rare and occurs only when a federal statute has extraordinary preemptive power.") (internal citations and quotations omitted).

Here, the Court does not find complete preemption exists. While some of the allegations raised in the Petition touch upon safety regulations promulgated by the U.S. Coast Guard, the Petition brings state law claims under the MMPA and seeks remedies for false advertising under

5

the MMPA.  The Coast Guard's authority to regulate the safety of a vessel does not change the nature of the State's claims.  The Coast Guard's regulations do not provide an independent basis for the State's cause of action.  Further, investigations undertaken by the NTSB and the Coast Guard do not in and of themselves bring the nature of the State's claims within the Court's federal jurisdiction.  The Coast Guard's regulations are not the equivalent of a federal statute providing an exclusive cause of action.[3]  The Coast Guard's regulations pertain to passenger safety of a vessel, but they do not provide a statutory cause of action that the State could bring for Defendants' alleged failure to adhere to the regulations. Defendants may be correct that the ongoing federal investigations by the NTSB and Coast Guard will be comprehensive and complete, rendering the State action arguably unnecessary, inefficient, and duplicative, but the federal investigations do not prevent the State from seeking remedies under state law if that is the course state officials wish to pursue.

The State's claims are based on Defendants' alleged false, deceptive, misleading, or unfair practices in connection with Defendants' advertising and sales of tickets to customers, or potential customers.  Again, the State alleges Defendants knew that its fleet of duck boats were not safe, and/or in compliance with safety regulations, but continued to promote the duck boats as safe for passengers.

---

[3] Compare to the complete preemption that exists in the Labor Management Relations Act, the Employee Retirement Income Act Security Act, and the National Bank Act that expressly create federal causes of action. See *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.,* 693 F.3d 1195, 1204-05 (10th Cir. 2012) ("[T]he Supreme Court has warned that complete preemption should not be 'lightly implied.'") (internal citations omitted).  "Complete preemption is a rare doctrine, one that represents an extraordinary pre-emptive power."  *Id.* (internal citations and quotations omitted).

Finally, Defendants simply cannot establish the requirements under *Grable* to present a federal issue that would subject the State's claims to federal jurisdiction. See *Gunn v. Minton,* 568 U.S. at 258. ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). Defendants' argument that the Coast Guard "exclusively regulates the sufficiency of vessel design, safety, and training standards" does not "necessarily raise" a federal issue. The State's claims are brought under the MMPA regarding Defendants' advertising and marketing practices toward consumers. The State clearly has a substantial interest in protecting consumers from false or fraudulent marketing practices. Here, the advertising may touch upon Defendants' representations regarding the safety and operation of the duck boats, and evidence regarding compliance with federal safety regulations may be relevant, but that does not bring the claims under a federal statute. The regulations simply do not support a claim of complete federal preemption of a state action pertaining to the advertising of duck boat excursions. Defendants further argue that maritime law is a uniquely federal area of interest. However, this Court has not yet ruled on whether maritime law will even apply to the claims arising out of the July 19, 2018 tragedy and, in fact, no court has ever ruled that Table Rock Lake is subject to federal maritime law.

**CONCLUSION**

For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to remand. (Doc. 18). This case is remanded to the Circuit Court of Taney County, Missouri. Further, the Court is without jurisdiction to reach the merits of Defendants' Motion to Dismiss, therefore Defendants' Motion to Dismiss is denied as moot. (Doc. 7).

**IT IS SO ORDERED.**

DATED: January 24, 2019  /s/ Douglas Harpool
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE